(85 Misc. Rep. 251)

### REIFEL v. INTERBORO HORSE EXCHANGE, Inc.

(City Court of New York, Special Term.     March 29, 1914.)

1. CLERKS OF COURTS (§ 65*)—RIGHT TO PRACTICE LAW.
   Judiciary Law (Consol. Laws, c. 30) § 250, prohibiting the clerk, deputy clerk, or special deputy clerk of a court from practicing as an attorney in that court, applies to the Magistrates' Courts.
   [Ed. Note.—For other cases, see Clerks of Courts, Cent. Dig. §§ 89–97; Dec. Dig. § 65.*]

2. CLERKS OF COURTS (§ 65*)—RIGHT TO PRACTICE LAW.
   There is no law prohibiting the assistant clerk of a Magistrates' Court from practicing in a court other than the one in which he is employed.
   [Ed. Note.—For other cases, see Clerks of Courts, Cent. Dig. §§ 89–97; Dec. Dig. § 65.*]

Supplementary proceedings by Gustave Reifel against the Interboro Horse Exchange, Incorporated. Application by Morris Eisenberg for reargument of an original motion, wherein he was adjudged guilty of contempt of court. Denied.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Maurice A. Pompan, of New York City, for judgment creditor.

Bernard H. Sandler, of New York City, for judgment debtor.

FINELITE, J. This motion has been referred to me for disposition. On the 17th day of March, 1914, the above-named judgment debtor and one Morris Eisenberg, a director of said debtor corporation, were adjudged guilty of contempt for impeding and impairing the rights and remedies of the judgment creditor, and were fined the sum of $165.64. Several motions have since been made for a reargument of the original motion, all of which were denied.

[1, 2] Said Eisenberg now makes another application for reargument upon the ground that the proceedings heretofore had herein are null and void by reason of the fact that the attorney for the judgment creditor herein is disqualified by law from acting as such attorney in this proceeding, inasmuch as he is employed as assistant clerk in the Magistrates' Court of the City of New York, an inferior local court of criminal jurisdiction, and is drawing a salary from the city of New York for his services as such assistant clerk. The attorney for the judgment creditor, in his affidavit submitted in opposition to this motion, states that he is a member of the bar, and admits that he is an assistant clerk in such Magistrates' Court. He states, however, that he is assigned to the Woman's Night Court, one of the divisions of such Magistrates' Court, and that his hours of employment in such court are from 7:30 in the evening until 1 o'clock in the morning, and that, outside of the time so occupied in his official duties, the entire balance of the day is at his disposal for the transaction of such business or matters as he may see fit to engage in.

The question, therefore, now before the court, is whether such attorney, in view of the official position which he occupies, is disqualified from acting as attorney for the judgment creditor herein, and, if so, whether the proceedings heretofore had herein are null and void as a consequence thereof. By section 250 of article 8 of the Judiciary Law (Consolidated Laws 1909, c. 30) the clerk, deputy clerk, or special deputy clerk of a court is not, during his continuance in office, permitted to practice as an attorney or counselor at law *in that court.* This prohibition applies to the Magistrates' Courts. By section 1394 of the charter of the city of New York it is provided that:

"No clerk or other officer or employé appointed by a board of city magistrates, or by any magistrate, shall hold any other office or be interested in any other business, but they shall give their whole time to their respective duties."

This provision, however, was repealed by section 120 of chapter 659 of the Laws of 1910, known as the Inferior Criminal Courts Act. Furthermore, I fail to find any provision of law prohibiting the acts here complained of. It follows, therefore, that the attorney for the judgment creditor is not disqualified from appearing in and conducting these proceedings.

The motion must therefore be denied. Settle order on one day's notice.